1829.

Norton
v.
Whiting.

---

### NORTON v. WHITING AND OTHERS.

Where a debtor who gave to his indorser a judgment for his security, and afterwards another person became the indorser in the place of the former one, and took an assignment of the judgment as his security, with the assent of the debtor, held that such judgment was valid, and took priority over a junior judgment, although the assignee of the first judgment was not compelled to pay the notes indorsed by him until after the docketing of the junior judgments.

Where a judgment creditor having a claim upon the surplus moneys raised by a sale of mortgaged premises, litigates in good faith before the master, on a reference to settle the priority of liens, he will not be charged with the costs of such litigation.

But if he excepts to the master's report and those exceptions are disallowed, he may be charged with the costs of the hearing on the exceptions.

August 21st.

[*579]

THE case came before the court upon an exception taken by the defendant Warner, to the report of the master, as to the priority of the liens of several defendants upon a surplus raised on a mortgage sale. In 1819, Weeks was the indorser for Whiting, the owner of the equity of redemption *who gave him a judgment for his indemnity. In 1820, Solingen was substituted as the indorser in the place of

Weeks; and the latter, at the same time, with the assent of Whiting, assigned the judgment to Solingen for his security and indemnity. The judgment of Warner against Whiting was recovered in 1824, since which time Solingen has been compelled to pay the indorsements which he had previously made. In 1827, Whiting assigned the mortgaged premises, and other property to Mercien and others, in trust to secure a debt due to the New York and Schuylkill Coal Company, and then to pay Solingen the amount of his indorsements. The whole property assigned is insufficient to pay the debt due the coal company. In January, 1828, Solingen assigned his interest in the judgment to Mercien and others; who, by virtue of that assignment, claim the surplus moneys now in court.

*J. A. Lott* for Warner.

*J. W. Gerard* for Mercien and others.

THE CHANCELLOR:—From the facts presented by the answers and the proofs before the master, I am satisfied the judgment of Weeks was a valid and subsisting security in the hands of Solingen for the amount which he might be compelled to pay on his indorsements, not exceeding the amount for which it was a security in the hands of Weeks. The amount to secure which the judgment was given, was never in fact paid by Whiting; but the responsibility, as well as the security therefor, were both transferred by Weeks to Solingen, who was substituted in his place. This was long before Warner's lien was obtained; and there is no doubt that Solingen could have enforced the Weeks' judgment against the property in the hands of Whiting for the amount, whenever he was compelled to pay the same on his indorsements. He had not only the prior equity, but the legal right. It is insisted however that he has lost his priority by the subsequent agreement with Mercien and others. That agreement was not made for the benefit of

Warner, and he has no right *to take advantage of it. If Solingen had made an agreement, in express terms, not to use his judgment to the injury of the coal company, it would not have prevented his using it for their benefit, and to protect the property from the lien of Warner's judgment. But under the circumstances it is doubtful whether he might not have claimed to the extent of this judgment even as against the assignees of Whiting.

The fund in court being less than the amount due on the Weeks' judgment, Mercien and others are entitled to the same, under the assignment of January, 1828. With the consideration of that assignment Warner has nothing to do. If the assignment is invalid, the surplus belongs to Solingen, in his own right, as owner of the Weeks' judgment. Warner having failed in establishing any right to the surplus, has no equitable claim for his costs of the reference. But as he litigated the matter before the master in good faith, for the purpose of ascertaining his rights, he is not to be charged with the costs of the adverse party on the reference. Having put Mercien and others to the expense of a hearing on his exception to the report, after all the facts were known, he must pay the costs produced by that exception.